# Joshua B. Bond *against* James Olden.

To impeach an award for mistake, the party must make out a clear case. The court will not examine the referees as to the *minutiæ* of a disputed account.

EXCEPTIONS to the award of referees, who found the sum of $7962.36, due to the plaintiff.

The defendant's counsel relied on three grounds. 1. The referees have committed mistakes in their construction of certain articles of agreement made between the parties. 2. They have erred in principle, in not charging the plaintiff with $6735.31, respecting a bond due from Thomas Fitzsimons and Robert Morris, which was assigned by the plaintiff to the defendant. 3. They have refused to charge the plaintiff with $9000 and upwards, for losses and sacrifices of property, made by the defendant on account of the plaintiff.

The plaintiff's council objected to the evidence offered in support of the exceptions, as contrary to the known and settled practice of the court. It would destroy the utility of references, and convert the members of the court into referees.

[Garrat *v.* Garrat.]

The defendant's counsel cited M'Clenachan *v.* Pringle, and Williams *v.* Craig, 1 Dall. 313.

BY THE COURT. Where injustice has been done, or a plain mistake has been committed, the court has always deemed it their duty to interpose.

In the last case cited, the late chief justice says, "we have al-"ways confined ourselves to two points. 1. Whether there is "an evident mistake in matter of fact; or 2. Whether the refer-"ees have clearly erred in matter of law." 1 Dall. 315. But how are these errors to be established? Not by unravelling all the accounts between the parties, and examining every particular item in detail! Referees have means of information superior to ourselves, and can devote more time in the development of the truth respecting contested facts, than our official duties can possibly permit us to bestow on the same subject. Every presumption is in favor of an award, and the party who impeaches it on *the ground of mistake, must establish clear errors. Our usage always has been to examine the referees generally, on exceptions to reports, before they receive our sanction, that injustice should not be done ; but we have always refused to descend into the minutiæ of a disputed account.

The referees were examined accordingly, but the defendant failing to establish any one of his exceptions, the report was confirmed.

Messrs. Ingersoll and Rawle, *pro quer.*

Messrs. E. Tilghman and M. Levy, *pro def.*